# United States District Court
# District of Massachusetts

ANTHONY CLEMENTE,
    Petitioner,

V.                                                        CIVIL ACTION NO. 10-10279-GAO

STEVEN O'BRIEN, ETC.,
    Respondent.

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES (#9)

COLLINGS, U.S.M.J.

    The respondent claims that petitioner has not exhausted the claims set forth in Grounds 11 and 16 his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) ("the Petition"). Manifestly, this is true. However, the Court views failure to exhaust as having been excused in the circumstances in which each claim is made. In so ruling, the Court does

not deal with the question as to whether there is any merit at all in either ground.

First, Ground 11 is simply an argument as to what the scope of federal court review should be in habeas cases. The SJC would have no power to resolve that issue, and exhaustion is not required.

Second, the SJC decided petitioner's case in 2008 and decided that it was not error for the trial judge to exclude the possibly exculpatory grand jury testimony of the witness Ferlito. Ground 16 is based on a decision of the SJC made in 2009 when the Court considered whether the prosecution could introduce grand jury testimony, and petitioner's complaint is that the SJC impermissibly treated the admission of such testimony differently when it is offered by the Commonwealth than when it is offered by the defense. Again, exhaustion is excused because the petitioner could not possibly have raised an issue in 2008 that was based on a decision which was not rendered until 2009.

Accordingly, I RECOMMEND that the Respondent's Motion to Dismiss, Etc. (#9) be DENIED.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's

receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

July 15, 2010.