UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10279-GAO

ANTHONY CLEMENTE,
Petitioner,

v.

STEVEN O'BRIEN,
Respondent.

## OPINION AND ORDER
December 16, 2010

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a report and recommendation with respect to the respondent's motion to dismiss for failure to exhaust. After careful review of the pleadings, the parties' motion papers, the report and recommendation itself, and the respondent's timely objection to the report and recommendation, I approve and adopt the report and recommendation as to the excusal of the petitioner's failure to exhaust Ground 11.

However, although I agree with the magistrate judge's conclusion that Ground 16 is likewise unexhausted, in my judgment the petitioner's failure to exhaust the claim is not excused. Ground 16 alleges a "[v]iolation of due process right and right to equal protection of the laws (failure to analyze admissibility of prior recorded testimony for the benefit of defense)." (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody 17.) The gist of the petitioner's claim is that the Supreme Judicial Court ("SJC") violated his constitutional rights when, after affirming the trial court's refusal to admit an unavailable witness's testimony from a grand jury proceeding proffered by his defense counsel in his trial, it subsequently affirmed in Commonwealth v. Hurley, 913 N.E.2d 850 (Mass. 2009), the introduction by the Commonwealth

of recorded testimony from a pretrial detention hearing. The petitioner's earliest opportunity to raise the issue before the state courts was after the Hurley decision. He did not, however, provide the state courts the opportunity to address the claimed constitutional violation before filing his § 2254 petition, such as through a motion for new trial pursuant to Massachusetts Rule of Criminal Procedure 30(b). See Gunter v. Maloney, 291 F.3d 74, 82 (1st Cir. 2002) (finding a claim unexhausted when petitioner had not filed a motion for new trial and noting that "where the claim has not been fairly presented on direct appeal, it should be fairly presented to the state court through a motion for collateral relief").

Because the petitioner failed to alert the Commonwealth's highest court of the federal constitutional dimensions or factual bases of Ground 16, see Adelson v. DiPaola, 131 F.3d 259, 261-62 (1st Cir. 1997), he presents a "mixed" petition under the doctrine of Rose v. Lundy, 455 U.S. 509, 518-20 (1982). If the petitioner wishes to proceed on the remaining claims, he may do so by voluntarily dismissing Ground 16 within twenty-one (21) days of this Order. If he does so, Ground 16 will be dismissed without prejudice and the petition shall be entertained as to the remaining claims. Otherwise, the entire petition will be dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

# United States District Court
# District of Massachusetts

ANTHONY CLEMENTE,
    Petitioner,

V.                               CIVIL ACTION NO. 10-10279-GAO

STEVEN O'BRIEN, ETC.,
    Respondent.

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES (#9)

COLLINGS, U.S.M.J.

The respondent claims that petitioner has not exhausted the claims set forth in Grounds 11 and 16 his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) ("the Petition"). Manifestly, this is true. However, the Court views failure to exhaust as having been excused in the circumstances in which each claim is made. In so ruling, the Court does

not deal with the question as to whether there is any merit at all in either ground.

First, Ground 11 is simply an argument as to what the scope of federal court review should be in habeas cases. The SJC would have no power to resolve that issue, and exhaustion is not required.

Second, the SJC decided petitioner's case in 2008 and decided that it was not error for the trial judge to exclude the possibly exculpatory grand jury testimony of the witness Ferlito. Ground 16 is based on a decision of the SJC made in 2009 when the Court considered whether the prosecution could introduce grand jury testimony, and petitioner's complaint is that the SJC impermissibly treated the admission of such testimony differently when it is offered by the Commonwealth than when it is offered by the defense. Again, exhaustion is excused because the petitioner could not possibly have raised an issue in 2008 that was based on a decision which was not rendered until 2009.

Accordingly, I RECOMMEND that the Respondent's Motion to Dismiss, Etc. (#9) be DENIED.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's

receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

July 15, 2010.