UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10279-GAO

ANTHONY CLEMENTE and DAMIAN CLEMENTE,
Petitioners,

v.

STEVEN O'BRIEN,
Respondent.

ORDER
March 27, 2013

O'TOOLE, D.J.

In 1997, the petitioners, father and son, were convicted of first degree murder and related charges in Massachusetts state court and sentenced to life imprisonment. The Supreme Judicial Court ultimately affirmed both the convictions and the subsequent denial of successive motions for a new trial. In 2010, each petitioner filed a timely petition for habeas relief; the two cases were subsequently consolidated. The petitioners now seek to stay the determination of their habeas petition while they pursue another new trial motion in state court in order to exhaust a new claim so that it might then be added to the pending petitions. The respondent opposes the stay.

In February 2010, around the same time that the habeas petitions were filed, the petitioners filed Freedom of Information Act ("FOIA") requests to the Federal Bureau of Investigation ("FBI"), the Drug Enforcement Agency ("DEA"), and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The FBI turned over 1,027 responsive documents which the defendants argue contain exculpatory evidence.

In limited circumstances, a court may stay a mixed petition where the petitioner can demonstrate (1) good cause for failing to exhaust this claim in state court; (2) that the claim is

not "plainly meritless;" and (3) the petitioner has not engaged in "intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

The petitioners assert they have good cause for failing to assert their new claims earlier because they only recently received documents from the FBI, DEA and ATF in response to their FOIA request. What they do not adequately explain is why they waited until 2010 to file their FOIA request, thirteen years after their convictions, four years after the denial of their second new trial motion, and seventeen months after the SJC's disposition of their appeals. The petitioners have offered no explanation for this delay, other than summary statements that the Commonwealth "hid" and "withheld" this evidence. (Pet.'s Reply to Opp'n to Motion to Stay at 1-2 (dkt. no. 45).)

Moreover, the "new" claims appear to be pretty much a repackaging of old themes already unsuccessfully argued to the state courts. The petitioners argue that the new evidence shows that there was a joint investigation of the crimes they were convicted of by the Boston police and federal agents, and that the evidence should have been disclosed by the prosecution during pretrial discovery. It is true that the documents reflect some communications between law enforcement agencies, but they fall well short of showing the existence of a joint investigation of the murders for which the petitioners were convicted.

Because the petitioners cannot establish good cause for failure to exhaust their new claims earlier, and because the claims appear weak on the merits, their Motion (dkt. no. 35) to Stay is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge